IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA DENISE NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:06CV797-MHT |
| | ) | [WO] |
| ULTIMATE BUSINESS SOLUTIONS, | ) | |
| Defendants. | ) | |

## ORDER

The plaintiff, ANGELA NAILS ["Nails"], has filed this civil action via a quite confusing and rambling complaint against the defendant, Ultimate Business Solutions ["UBS"]. Although Nails is a *pro se* plaintiff, she is still required to satisfy the requirements of FED.R.CIV.P. 8 to state in her complaint (1) a "short and plain statement of the grounds upon which the court's jurisdiction depends . . . ," (2) a "short and plain statement of the claim showing that [she] is entitled to relief, and (3) a demand for judgment for the relief [she] seeks".

Although Nails appears to allege that UBS is a non-resident corporation, she failed to allege its state of citizenship. Moreover, the court is unable to determine the nature of the claim that she attempts to recite. Finally, the complaint clearly does not support the demand for judgment which Nails seeks.

This case is pending on Nails's Application to Proceed Without Prepayment of Fees (Doc. # 2), construed by this court as a motion. The court has analyzed Nails's litigation record and finds that her application should be denied.

## I.  DISCUSSION

The court's scrutiny of Nails' complaint is derivative of Nails' nominal abuse of process in this court.  In this year alone, Nails has filed 17 *pro se* civil actions.  Of those actions:

- 13 have been dismissed;

- three pairs of the lawsuits were filed against the same defendant;[1]

- seven were filed on 17 March 2006, all of which were dismissed within 90 days;

- seven were filed on 6 September 2006, of which five were dismissed within seven days;

- seven were dismissed for lack of jurisdiction;[2] and

- five were dismissed as frivolous;[3]

In a Recommendation adopted by the court in ***Nails v. East Gate Inn***, Civil Action No. 1:06CV247-WKW (See Docs. # 7 and 10, 4/18/06 and 5/1/06), the Magistrate Judge carefully reviewed Nails' *pro se* litigation in this court up to that date, noting the rapid-fire

---

[1] (1) ***Nails v. Dothan Rescue Mission,*** 1:06CV249-MEF and 1:06CV737-WKW; (2) ***Nails v. Centurytel Phone Company***, 1:06CV252-MHT and 1:06CV903-MEF; and (3) ***Nails v. Preston, et al.***, 1:06CV346-MEF and 1:06CV798-MEF.

[2] (1) ***Nails v. Preston***, 1:06CV246-MEF; (2-3) ***Nails v. Dothan Rescue Mission***, 1:06CV249-MEF and 1:06CV737-WKW; (4) ***Nails v. Jones***, 1:06CV251-MHT; (5) ***Nails v. Compass Bank Dothan***, 1:06CV253-MEF; (6) ***Nails v. Steensland***, 1:06CV799-WKW; and (7) ***Nails v. Rana, et al.***, 1:06CV801-MEF.

[3] ***Nails v. East Gate Inn,*** 1:06CV247-WKW; (2) ***Nails v. Compass Bank Dothan***, 1:06CV760-WKW; (3) ***Nails v. Gilmore***, 1:06CV800-MHT; and (4) ***Nails v. Manpower Temporary Services***, 1:06CV802-MHT.

dismissals to which her lawsuits had been subjected.[4]

In another Recommendation adopted by the court in *Nails v. City of Dothan*, Civil Action No. 1:06CV760, the Magistrate Judge advised Nails that, although the "privilege of filing a federal court lawsuit without prepayment of filing fees . . . . is constitutionally secured for all American citizens", that "privilege is subject . . . to valid and reasonable limitations designed not only to conserve limited judicial resources but also to prevent abuse by unlearned laymen who may be tempted to seize the privilege as a license for limitless or misguided forays into federal court with bootless claims and grievances unresolved in other forums or for which there simply is no remedy."[5]  The court also admonished Nails as follows:

> Frivolous or malicious lawsuits duties [sic] against any defendants   - corporate, public, institutional, or individual - automatically result in inconveniences, burdens, and costs, associated with defense even to the extent of securing dismissal from the action.

(See Doc. # 5, at p. 4-5, and Doc. # 7).

As aforementioned, at least four of Nails' lawsuits have been dismissed pursuant to 28 U.S.C. §1915 (e)(2)(B)(ii) as frivolous.  That section has repeatedly been applied to *pro se* plaintiffs who are not prisoners.  See *Taylor v. Harrell*, 2005 U.S. Dist. LEXIS 37745, 4-5 (D.Ala. 2005), quoting *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (Applying § 1915(e)(2)

---

[4]Again in *Nails v. City of Dothan*, Civil Action No. 1:06CV760, the same Magistrate Judge reviewed Nails' litigation as of 6 September 2006 (Doc. # 5).  By that time, her record of dismissals had worsened.

[5]Nails's lawsuits have been assigned to every active District Judge and Magistrate Judge on this court, and every District Judge assigned to her cases has dismissed at least one of her lawsuits as frivolous.  Thus, the burden of her litigation has been plenary.

to non-prisoners so long as the litigant is allowed the opportunity to amend).  Pursuant to 28 U.S.C. §1915(g), a prisoner is precluded from bringing a civil action

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although that provision is not expressly made applicable to non-prisoners, its rationale, affirmed by the Court of Appeals, is fully applicable to non-prisoners who file multiple, non-meritorious claims such as Nails's.

> [T]this court recently concluded that Congress promulgated the Act to curtail abusive prisoner tort, civil rights and conditions litigation. *Anderson v. Singletary*, No. 96-2697, 82 F.3d 430, (11th Cir. 1997); *see also Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997) ("The legislation was aimed at the skyrocketing numbers of claims filed by prisoners--many of which are meritless--and the corresponding burden those filings have placed on the federal courts."); *Santana v. United States*, 98 F.3d 752, 755 (3d Cir. 1996) ("Congress enacted the PLRA primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act, most of which concern prison conditions and many of which are routinely dismissed as legally frivolous."). Clearly, Congress had a rational basis to believe that the fee requirements of the PLRA would further this objective.

Even in the years preceding the enactment of the Prison Litigation Reform Act, this court did not frequently encounter prisoners who filed 17 lawsuits in nine months with a dismissal rate similar to Nails's.  Moreover, Nails' personal situation is not unlike a prisoner's situation, analyzed by the Sixth Circuit in **Hampton v. Hobbs**, 106 F.3d 1281, 1286-87 (6th Cir. 1997), quoting from the statements of Senator Kyl on the statute:

4

> Section 2 will require prisoners to pay a very small share of the large burden they place on the Federal judicial system by paying a small filing fee upon commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively. Prisoners will have to make the same decision that law-abiding Americans must make: Is the lawsuit worth the price? Criminals should not be given a special privilege that other Americans do not have. . . .
>
> The volume of prisoner litigation represents a large burden on the judicial system, which is already overburdened by increases in nonprisoner litigation. Yet prisoners have very little incentive not to file nonmeritorious lawsuits. Unlike other prospective litigants who seek poor person status, prisoners have all the necessities of life supplied, including the materials required to bring their lawsuits. For a prisoner who qualifies for poor person status, there is no cost to bring a suit and, therefore, no incentive to limit suits to cases that have some chance of success.
>
> The filing fee is small enough not to deter a prisoner with a meritorious claim, yet large enough to deter frivolous claims and multiple filings.

141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl) (citations omitted).

Notably, Nails

- is unemployed and is disabled (Doc. # 2, this lawsuit);

- has not worked since November 2005 (Doc. # 2, Civil Action No. 1:06CV253-MEF);

- receives income only from Social Security disability (*Id.*);

- has health coverage under Medicaid (*Id.*);

- receives help from other organizations for her "lights, rent, ect [sic]" *(Id)*; and

- has no dependents (*Id.*);

Thus, like a prisoner, Nails has "very little incentive not to file nonmeritorious lawsuits", she

5

has "all the necessities of life supplied, including the materials required to bring [her] lawsuits", and for her, there is "no incentive to limit suits to cases that have some chance of success." **Hampton v. Hobbs**, *supra*.

## II.  CONCLUSION

Accordingly, it is

ORDERED that the Application to Proceed Without Prepayment of Fees, filed by Nails on 6 September 2006 (Doc. # 2) is DENIED.  Accordingly, having had four[6] lawsuits dismissed as frivolous in seven months, and seven others dismissed for lack of jurisdiction during the same period, Nails will not be permitted to pursue her claims in this lawsuit without payment of the filing fee.[7]  It is further

ORDERED that, on or before 9 October 2006, Nails shall pay the filing fee of $350.00.  Nails is ADVISED that her failure to pay the filing fee could result in a Recommendation that her claims in this case be dismissed.

DONE this 19th day of September, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

---

[6] Nails has exceeded the limitation of three frivolous lawsuits in §1915(g).

[7] This Court has a duty to conserve its limited resources and the limited resources of defendants by ensuring that those who are granted the privilege of filing lawsuits without prepayment of filing fees do not abuse that privilege by continuing to maintain lawsuits which cannot be sustained under applicable laws.