IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ANGELA DENISE NAILS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:06cv797-MHT |
| ) | (WO) |
| ULTIMATE BUSINESS ) | |
| SOLUTIONS, ) | |
| ) | |
| Defendant. ) | |

OPINION AND SHOW-CAUSE ORDER

Plaintiff Angela Denise Nails has brought this lawsuit against defendant Ultimate Business Solutions (UBS), complaining that UBS improperly withdrew $ 198.00 from her banking account and asking for $ 45 million in damages.[1]  Diversity of citizenship appears to be the attempted basis for the court's jurisdiction.  28 U.S.C.

---

1. So far this year and the second half of last year, in what is developing into a clear abuse of the legal process, Nails has brought 21 lawsuits in forma pauperis, of which 15 have already been summarily dismissed.  She seems to be suing everyone with whom she has a dispute, no matter how minor, and asking for exorbitant sums in damages.

§ 1332.  However, the court is obligated to carefully examine its jurisdiction over a case and raise itself the issue of lack of subject-matter jurisdiction when necessary.  <u>Wachovia Bank, N.A. v. Schmidt</u>, ___ U.S. ___, ___, 126 S. Ct. 941, 950 (2006) ("subject-matter jurisdiction must be considered by the court on its own motion, even if no party raises an objection"); <u>see also</u> <u>Mansfield, C. & L.M. Ry. v. Swan</u>, 111 U.S. 379, 384 (1884) ("the judicial power of the United States must not be exerted in a case to which it does not extend, even if both parties desire to have it exerted").  Consequently, the court can <u>sua sponte</u> dismiss a case for lack of subject-matter jurisdiction.

    28 U.S.C. § 1332(a) provides:

> "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between ... Citizens of different States."

Although this action is between citizens of Alabama and California, the case does not appear to meet the requirement of more-than-$ 75,000 amount in controversy.

When deciding whether the jurisdictional amount pled in the complaint meets the requirements of 28 U.S.C. § 1332(a) the claim alleged must "appear to a legal certainty [to be] really for less than the jurisdictional amount." Burns v. Anderson, 502 F.2d 970, 971-972 (5th Cir. 1974)[2] (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938) (It must appear to a legal certainty that the claim is really less than the jurisdictional amount to justify ... dismissal.").

Nails alleges in her complaint that UBS improperly withdrew $ 198.00 from her checking account. She seeks a return of the $ 198.00 and $ 45 million for mental anguish and stress. It appears greatly doubtful that

---

2. In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Nails can recover the requisite more-than-$ 75,000 let alone $ 45 million for the loss of $ 198.00 from her checking account.  It therefore appears that it may be clear to a legal certainty that Nails's claim would only support a recovery for an amount far, far less the required more than $ 75,000.

Accordingly,  it is ORDERED that plaintiff Angela Denise Nails show cause, if any there be, in writing by January 26, 2007, as to why this lawsuit should not be dismissed because the amount in controversy is not more $ 75,000.00.

DONE, this the 11th day of January, 2007.

                                         /s/ Myron H. Thompson
                                   **UNITED STATES DISTRICT JUDGE**