*RECEIVED*

*IN THE DISTRICT COURT OF THE UNITED STATES FOR THE*
*MIDDLE DISTRICT OF ALABMA, SOUTHERN DIVISION*

*P. HACKETT*
*U. DISTRICT CO.*

*ANGELA DENISE NAILS,*

          *Plaintiff,*              *Case No. 1:06cv797MHT*

*ULTIMATE BUSINESS*

      *Defendant,*

## *MOTION TO REFUND PLAINTIFF PAYMENT*

*The court knew that the plaintiff case was over the amount of the $75,000.00 dollars when the court sent the orders to the Plaintiff. The orders are attach to this complaint as the orders state. In the Plaintiff complaints and other documents the Plaintiff submitted to the court the complaint and documents relies only on documents of approval from the court to move forward with the filling of the case. In the Plaintiff complaint and documents the information also tells the court more of the situation in the Plaintiff documentation to the court. The Plaintiff is needing the court to release the damages of $45 MILLION DOLLARS or to give the Plaintiff the filling fees of $350.00 the Plaintiff paid and therefore the case can go on to another district that is appropriate for this case.*

_ANGELA DENISE NAILS_

_PRO SE ATTORNEY_

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

January 9, 2007

Angela Denise Nails
342 S. Saint Andrews Street
Apt 808
Dothan, AL 36301

Re: Request for Copy of Motion of Address Tampering, 1:06-cv-00797-MHT-WC

Ms. Nails:

On 1/9/07, our office received your Request for copies in the above referenced case.

While we understand your request, you did not provide sufficient funds for the copies. Unless you provide the clerk's office with a copy of your pleading to our office, you must pay for any copies that we make. In the future, if you wish to receive a copy of your pleadings, provide the copy when you file the pleading, and provide a stamped envelope for us to return your stamped copy.

The document which you are requesting is 6 pages long and will cost $3.00.

Please find enclosed a copy of the Return Receipt Card signed by Mark Wilson, as well as your receipt for $0.50

Please contact our office if we can be of further assistance.

Sincerely,

Debra P. Hackett, Clerk

By: 
Deputy Clerk

DPH/br
Encl : Copy Request, Receipt 112739

Cas of 1

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**Ultimate Business Solutions**
**c/o Legal Department**
**815 West 1st Avenue, Suite 146**
**Mesa, AZ  85202**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____    ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Mark Wilson                       1-6

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

1:06 CV 797-MHT

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☑ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7006 0100 0000 0733 2526

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

### *IN THE UNITED STATES DISTRICT COURT*
### *FOR THE MIDDLE DISTRICT OF ALABMA*
### *SOUTHERN DIVISION*

*ANGELA DENISE NAILS,*

                *Plaintiff,*            *Case No.  1:06cv797-MHT*

*ULTIMATE BUSINESS SOLUTIONS,*

            *Defendant,*

### *MOTION OF ADDRESS TAMPERING*

*The plaintiff in the case would like to insure that the service to the*

*defendant is correct.   The plaintiff was mailed a notice on October 18, 2006*

*asking for the following information.*

*(1) Two (2) Summons per defendant*

*(2) A file stamped copy of the complaint filed in this case*

*(3) Prepaid envelope, which includes enough postage for Certified*

    *Mail/Return Receipt Requested*

*(4) Green Return Receipt card with the Clerk's office address listed so it can*

    *be returned to our office(address listed at the top of letter).  The notice is*

    *part of the motion for the court to see.*

*The plaintiff mailed back all the information requested to the Clerk's Office for service. Again on October 24, 2006 the plaintiff received another notice stating pursuant to our letter that we mailed out to you on October 20, 2006. We are returning this pleading. We are refraining form accepting any pleadings as stated in the letter you received. We are also returning this money order in the amount of $.5.60 as well as the $0.90 in postage that you sent. You must provide us with actual postage affixed to the envelope in order to provide service.*

*The plaintiff mailed back the documents for service and envelope stamped and certification slip and green certification card with the written address on both side of the green certification card to the Clerk's Office for the defendant to be served.*

*The plaintiff received two clarification letters from the Clerk's Office requesting mailing information correction for the plaintiff to correct. Clerk's Office did not notify the plaintiff a third time when the green certification card and the Summons had a different addres. The Clerk's Office mailed out the complaint, Summons and green card to the defendant.*

The plaintiff contacted the Clerk's Office on January 5, 2007 requesting the Clerk's Office to give the plaintiff information form the complaint file. The plaintiff ask the Clerk's Office the address on the green certification card. The plaintiff was told that Clerk's Office removed the address on the green certification card the plaintiff printed on the green certification card and placed a label over the green certification card because the adress on the Summons did not match the green certification card.

In the past the Clerk's Office wrote letters to the plaintiff to make corrections. The plaintiff is aware that the green certification card is return to the Clerk's Office after service to the defendant. The plaintiff is aware that the Summons is not return back to the Clerk's Office with the green certification card. The plaintiff was told by the Clerk's Office that the green certification card had the incorrect address on the green certification card and the Summons is what address that is use to mail for service to defendant(s). The plaintiff proceeded by the Order from the court to redue the orignal complaint. The plaintiff redone the complaint and made all a Clear Statement which was Order by the

*court Sepetmber 19, 2006.   The Clear Statement was made clear on*

*issues stated in the Order of the court.   The Clear Statement  has the*

*mailing address in the Clear Statement.   As the Court Order dated*

*September 19, 2006 to make Clear Statement about the original*

*complaint.*


*ANGELA DENISE NAILS*

*PRO SE ATTORNEY*

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA DENISE NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:06cv797-MHT |
| | ) | |
| ULTIMATE BUSINESS | ) | |
| SOLUTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

### SUBSTITUTED ORDER

It is ORDERED that defendant Ultimate Business Solutions show cause, if any there be, in writing by January 5, 2007, as to why plaintiff Angela Denise Nails's motion for default judgment (doc. no. 11) should not be granted.

Defendant Ultimate Business Solutions is informed that if it fails to respond within the time allowed, the court may grant the motion and damages awarded in the amount requested.

DONE, this the 19th day of December, 2006.

_/s/ Myron H. Thompson_
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGELA DENISE NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:06cv797-MHT |
| | ) | (WO) |
| ULTIMATE BUSINESS | ) | |
| SOLUTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND SHOW-CAUSE ORDER

Plaintiff Angela Denise Nails has brought this
lawsuit against defendant Ultimate Business Solutions
(UBS), complaining that UBS improperly withdrew $ 198.00
from her banking account and asking for $ 45 million in
damages.[1]   Diversity of citizenship appears to be the
attempted basis for the court's jurisdiction.  28 U.S.C.

---

1.  So far this year and the second half of last
year, in what is developing into a clear abuse of the
legal process, Nails has brought 21 lawsuits in forma
pauperis, of which 15 have already been summarily
dismissed.  She seems to be suing everyone with whom she
has a dispute, no matter how minor, and asking for
exorbitant sums in damages.

§ 1332.  However, the court is obligated to carefully examine its jurisdiction over a case and raise itself the issue of lack of subject-matter jurisdiction when necessary.  <u>Wachovia Bank, N.A. v. Schmidt</u>, ___ U.S. ___, ___, 126 S. Ct. 941, 950 (2006) ("subject-matter jurisdiction must be considered by the court on its own motion, even if no party raises an objection"); <u>see also</u> <u>Mansfield, C. & L.M. Ry. v. Swan</u>, 111 U.S. 379, 384 (1884) ("the judicial power of the United States must not be exerted in a case to which it does not extend, even if both parties desire to have it exerted").  Consequently, the court can <u>sua sponte</u> dismiss a case for lack of subject-matter jurisdiction.

28 U.S.C. § 1332(a) provides:

> "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between ... Citizens of different States."

2

Although this action is between citizens of Alabama and California, the case does not appear to meet the requirement of more-than-$ 75,000 amount in controversy.

When deciding whether the jurisdictional amount pled in the complaint meets the requirements of 28 U.S.C. § 1332(a) the claim alleged must "appear to a legal certainty [to be] really for less than the jurisdictional amount." Burns v. Anderson, 502 F.2d 970, 971-972 (5th Cir. 1974)[2] (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938) (It must appear to a legal certainty that the claim is really less than the jurisdictional amount to justify ... dismissal.").

Nails alleges in her complaint that UBS improperly withdrew $ 198.00 from her checking account. She seeks a return of the $ 198.00 and $ 45 million for mental anguish and stress. It appears greatly doubtful that

2.  In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Nails can recover the requisite more-than-$ 75,000 let alone $ 45 million for the loss of $ 198.00 from her checking account. It therefore appears that it may be clear to a legal certainty that Nails's claim would only support a recovery for an amount far, far less the required more than $ 75,000.

Accordingly, it is ORDERED that plaintiff Angela Denise Nails show cause, if any there be, in writing by January 26, 2007, as to why this lawsuit should not be dismissed because the amount in controversy is not more $ 75,000.00.

DONE, this the 11th day of January, 2007.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ANGELA DENISE NAILS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | **1:06cv797-MHT** |
| | ) | |
| **ULTIMATE BUSINESS** | ) | |
| **SOLUTIONS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

It is ORDERED as follows:

(1) The motion to amend (doc. no. 13) is granted.

(2) The show-cause order (doc. no. 12) is vacated.

DONE, this the 19th day of December, 2006.

_____/s/ Myron H. Thompson_____
**UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA DENISE NAILS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 1:06CV797-MHT |
| | )   [WO] |
| ULTIMATE BUSINESS SOLUTIONS, | ) |
| Defendants. | ) |

## ORDER

The plaintiff, ANGELA NAILS ["Nails"], has filed this civil action via a quite
confusing and rambling complaint against the defendant, Ultimate Business Solutions
["UBS"]. Although Nails is a *pro se* plaintiff, she is still required to satisfy the requirements
of FED.R.CIV.P. 8 to state in her complaint (1) a "short and plain statement of the grounds
upon which the court's jurisdiction depends . . . ," (2) a "short and plain statement of the
claim showing that [she] is entitled to relief, and (3) a demand for judgment for the relief
[she] seeks".

Although Nails appears to allege that UBS is a non-resident corporation, she failed
to allege its state of citizenship. Moreover, the court is unable to determine the nature of the
claim that she attempts to recite. Finally, the complaint clearly does not support the demand
for judgment which Nails seeks.

This case is pending on Nails's Application to Proceed Without Prepayment of Fees
(Doc. # 2), construed by this court as a motion. The court has analyzed Nails's litigation
record and finds that her application should be denied.

## I. DISCUSSION

The court's scrutiny of Nails' complaint is derivative of Nails' nominal abuse of process in this court. In this year alone, Nails has filed 17 *pro se* civil actions. Of those actions:

- 13 have been dismissed;

- three pairs of the lawsuits were filed against the same defendant;[1]

- seven were filed on 17 March 2006, all of which were dismissed within 90 days;

- seven were filed on 6 September 2006, of which five were dismissed within seven days;

- seven were dismissed for lack of jurisdiction;[2] and

- five were dismissed as frivolous;[3]

In a Recommendation adopted by the court in *Nails v. East Gate Inn*, Civil Action No. 1:06CV247-WKW (See Docs. # 7 and 10, 4/18/06 and 5/1/06), the Magistrate Judge carefully reviewed Nails' *pro se* litigation in this court up to that date, noting the rapid-fire

---

[1](1) *Nails v. Dothan Rescue Mission,* 1:06CV249-MEF and 1:06CV737-WKW; (2) *Nails v. Centurytel Phone Company*, 1:06CV252-MHT and 1:06CV903-MEF; and (3) *Nails v. Preston, et al.*, 1:06CV346-MEF and 1:06CV798-MEF.

[2](1) *Nails v. Preston*, 1:06CV246-MEF; (2-3) *Nails v. Dothan Rescue Mission*, 1:06CV249-MEF and 1:06CV737-WKW; (4) *Nails v. Jones*, 1:06CV251-MHT; (5) *Nails v. Compass Bank Dothan*, 1:06CV253-MEF; (6) *Nails v. Steensland*, 1:06CV799-WKW; and (7) *Nails v. Rana, et al.*, 1:06CV801-MEF.

[3]*Nails v. East Gate Inn,* 1:06CV247-WKW; (2) *Nails v. Compass Bank Dothan*, 1:06CV760-WKW; (3) *Nails v. Gilmore*, 1:06CV800-MHT; and (4) *Nails v. Manpower Temporary Services*, 1:06CV802-MHT.

2

dismissals to which her lawsuits had been subjected.[4]

In another Recommendation adopted by the court in *Nails v. City of Dothan*, Civil
Action No. 1:06CV760, the Magistrate Judge advised Nails that, although the "privilege of
filing a federal court lawsuit without prepayment of filing fees . . . . is constitutionally
secured for all American citizens", that "privilege is subject . . . to valid and reasonable
limitations designed not only to conserve limited judicial resources but also to prevent abuse
by unlearned laymen who may be tempted to seize the privilege as a license for limitless or
misguided forays into federal court with bootless claims and grievances unresolved in other
forums or for which there simply is no remedy."[5]   The court also admonished Nails as
follows:

> Frivolous or malicious lawsuits duties [sic] against any
> defendants  - corporate, public, institutional, or individual -
> automatically result in inconveniences, burdens, and costs,
> associated with defense even to the extent of securing dismissal
> from the action.

(See Doc.  # 5, at p. 4-5, and Doc. # 7).

As aforementioned, at least four of Nails' lawsuits have been dismissed pursuant to
28 U.S.C. §1915 (e)(2)(B)(ii) as frivolous.  That section has repeatedly been applied to *pro
se* plaintiffs who are not prisoners. *See Taylor v. Harrell*, 2005 U.S. Dist. LEXIS 37745, 4-5
(D.Ala. 2005), quoting *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (Applying § 1915(e)(2)

---

[4]Again in *Nails v. City of Dothan*, Civil Action No. 1:06CV760, the same
Magistrate Judge reviewed Nails' litigation as of 6 September 2006 (Doc. # 5).  By that
time, her record of dismissals had worsened.

[5]Nails's lawsuits have been assigned to every active District Judge and Magistrate
Judge on this court, and every District Judge assigned to her cases has dismissed at least
one of her lawsuits as frivolous.  Thus, the burden of her litigation has been plenary.

3

to non-prisoners so long as the litigant is allowed the opportunity to amend).  Pursuant to 28

U.S.C. §1915(g), a prisoner is precluded from bringing a civil action

> if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility brought an action or
> appeal in a court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a claim
> upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

Although that provision is not expressly made applicable to non-prisoners, its

rationale, affirmed by the Court of Appeals, is fully applicable to non-prisoners who file

multiple, non-meritorious claims such as Nails's.

> [T]this court recently concluded that Congress promulgated the
> Act to curtail abusive prisoner tort, civil rights and conditions
> litigation. *Anderson v. Singletary*, No. 96-2697, 82 F.3d 430,
> (11th Cir. 1997); *see also Hampton v. Hobbs*, 106 F.3d 1281,
> 1286 (6th Cir. 1997) ("The legislation was aimed at the
> skyrocketing numbers of claims filed by prisoners--many of
> which are meritless--and the corresponding burden those filings
> have placed on the federal courts."); *Santana v. United States*,
> 98 F.3d 752, 755 (3d Cir. 1996) ("Congress enacted the PLRA
> primarily to curtail claims brought by prisoners under 42 U.S.C.
> § 1983 and the Federal Tort Claims Act, most of which concern
> prison conditions and many of which are routinely dismissed as
> legally frivolous."). Clearly, Congress had a rational basis to
> believe that the fee requirements of the PLRA would further this
> objective.

Even in the years preceding the enactment of the Prison Litigation Reform Act, this

court did not frequently encounter prisoners who filed 17 lawsuits in nine months with a

dismissal rate similar to Nails's.  Moreover, Nails' personal situation is not unlike a

prisoner's situation, analyzed by the Sixth Circuit in ***Hampton v. Hobbs***, 106 F.3d 1281,

1286-87 (6th Cir. 1997), quoting from the statements of Senator Kyl on the statute:

> Section 2 will require prisoners to pay a very small share of the large burden they place on the Federal judicial system by paying a small filing fee upon commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively. Prisoners will have to make the same decision that law-abiding Americans must make: Is the lawsuit worth the price? Criminals should not be given a special privilege that other Americans do not have. . . .
>
> The volume of prisoner litigation represents a large burden on the judicial system, which is already overburdened by increases in nonprisoner litigation. Yet prisoners have very little incentive not to file nonmeritorious lawsuits. Unlike other prospective litigants who seek poor person status, prisoners have all the necessities of life supplied, including the materials required to bring their lawsuits. For a prisoner who qualifies for poor person status, there is no cost to bring a suit and, therefore, no incentive to limit suits to cases that have some chance of success.
>
> The filing fee is small enough not to deter a prisoner with a meritorious claim, yet large enough to deter frivolous claims and multiple filings.

141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl) (citations omitted).

Notably, Nails

- is unemployed and is disabled (Doc. # 2, this lawsuit);

- has not worked since November 2005 (Doc. # 2, Civil Action No. 1:06CV253-

  MEF);

- receives income only from Social Security disability (*Id.*);

- has health coverage under Medicaid (*Id.*);

- receives help from other organizations for her "lights, rent, ect [sic]" (*Id)*; and

- has no dependents (*Id.*);

Thus, like a prisoner, Nails has "very little incentive not to file nonmeritorious lawsuits", she

has "all the necessities of life supplied, including the materials required to bring [her] lawsuits", and for her, there is "no incentive to limit suits to cases that have some chance of success." *Hampton v. Hobbs*, *supra*.

## II. CONCLUSION

Accordingly, it is

ORDERED that the Application to Proceed Without Prepayment of Fees, filed by Nails on 6 September 2006 (Doc. # 2) is DENIED. Accordingly, having had four[6] lawsuits dismissed as frivolous in seven months, and seven others dismissed for lack of jurisdiction during the same period, Nails will not be permitted to pursue her claims in this lawsuit without payment of the filing fee.[7] It is further

ORDERED that, on or before 9 October 2006, Nails shall pay the filing fee of $350.00. Nails is ADVISED that her failure to pay the filing fee could result in a Recommendation that her claims in this case be dismissed.

DONE this 19th day of September, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

---

[6]Nails has exceeded the limitation of three frivolous lawsuits in §1915(g).

[7]This Court has a duty to conserve its limited resources and the limited resources of defendants by ensuring that those who are granted the privilege of filing lawsuits without prepayment of filing fees do not abuse that privilege by continuing to maintain lawsuits which cannot be sustained under applicable laws.

6

815 West Twistavei

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

October 18, 2006

Angela Denise Nails
342 S. Saint Andrews Street
Apt 808
Dothan, AL 36301

**Re:**   Case Style: Angela Nails vs. Ultimate Business Soulutions
Case Number: 1:06cv797-MHT

Dear Mrs. Nails:

Pursuant to our telephone conversation on 10/17/06, you will need to provide our office with the following in order for us to serve the defendant(s) listed in this case:

>    1) Two (2) Summons per defendant

>    2) A filed stamped copy of the complaint filed in this case

>    3) Prepaid envelope, which includes enough postage for Certified
>      Mail/Return Receipt Requested

>    4) Green Return Receipt card with the Clerk's office address listed so it
>    can be returned to our office (address listed at the top of letter)

If you have any further questions, please contact our office at the telephone number listed above.

Sincerely,

DEBRA  P. HACKETT, CLERK

By:
Deputy Clerk

Enclosures